FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

★ AUG 07 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LEON BELL, pro se,

                Petitioner,

        -against-

BRIAN FISCHER,

               Respondent.
----------------------------------------------------------X

MEMORANDUM
AND ORDER

06-CV-3558 (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

By petition dated July 5, 2006, pro se petitioner Leon Bell seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court directs petitioner to show cause within 30 days of the entry of this order, i.e., by September 5, 2006, why the court should not dismiss the petition as time-barred.

**Background**

On December 18, 1991, petitioner was sentenced to 25 years to life imprisonment upon being convicted of rape and sodomy in the first degree before the New York Supreme Court, Kings

---

[1] On July 20, 2006, the court received a § 2254 petition from petitioner which is a duplicate in all respects except that it includes one page entitled "ATTACHED" that was not included in the petition filed on July 17, 2006. Therefore, the court construes the petition received on July 20, 2006 as an "Amended Petition."

1

County. (See Pet. at 1.) The Appellate Division, Second Department, affirmed the conviction on December 9, 1996, People v. Bell, 234 A.D.2d 378 (2d Dep't 1996), and the New York Court of Appeals denied leave to appeal on May 7, 1997, People v. Bell, 89 N.Y.2d 1088 (1997).

**Discussion**

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997). Under subsection (A),[2] the instant petition appears untimely. Direct review concluded on or about August 5, 1997, upon expiration of the 90-day period for seeking a writ of certiorari. Williams v. Artuz, 237 F.3d 147, 150–51 (2d Cir. 2001). Thus, the instant petition should have been filed within one year,

---

[2] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

2

i.e., on or before August 5, 1998. Since the petition was filed on July 5, 2006,[3] more than one year after the limitations period expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

**Tolling**

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation period and does not start the one year period to run anew. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). Here, petitioner alleges that he filed a petition for a writ of error coram nobis on or about September 2005, see Amended Petition, Attached Page 3, which was denied on October 17, 2005. People v. Bell, 22 A.D.3d 676 (2d Dep't 2005). Because the error coram nobis petition was not filed within the one year period, i.e., on or before August 5, 1998, it cannot serve to toll the limitations period under § 2244(d)(2). Therefore, statutory tolling of the statute of limitations is not available.

The limitations period, however, may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id. As currently presented, the court sees no basis for applying equitable tolling.

---

[3] Although the court received the Petition on July 17, 2006 and the Amended Petition on July 20, 2006, following the "prisoner mailbox rule," the court "treat[s] the petitioner's petition as having been given to prison officials for filing, and therefore having been filed, on the date that appears on his petition." Adeline v. Stinson, 206 F.3d 249, 251 n.1 (2d Cir. 2000) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

3

**Conclusion**

The court hereby directs petitioner to show cause by written affirmation, within 30 days from entry of this order, i.e., by September 5, 2006, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000)). Petitioner's affirmation should include any facts that would support equitable tolling of the period of limitations.

No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

DATED: Brooklyn, New York
August 4, 2006

_____
DORA L. IRIZARRY
United States District Judge

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

LEON BELL, pro se,

                Petitioner,                     **PETITIONER'S AFFIRMATION**

    -against-

                                                   **06-CV-3558 (DLI)**

BRIAN FISCHER,

                Respondent.
_____X

      LEON BELL, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the court's order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____
City, State & Zip Code